## Appeal of W. E. MARSHALL & COMPANY.   Docket No. 164.

Under section 326(a)(4), of the Revenue Act of 1918, the taxpayer is not entitled to include in invested capital an amount claimed to represent the value of good will, in the absence of sufficient evidence to establish such value.

Submitted October 29, 1924; decided December 11, 1924.

*Victor E. Cormier, Esq.*, for the taxpayer.
*Arthur H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This is an appeal from a determination by the Commissioner of a deficiency in income and profits taxes for the years 1919 and 1920 in the amounts of $329.03 and $268.08, respectively. The alleged deficiency is based upon an increase of net income for both years on account of the disallowance of good will in invested capital, as claimed by the taxpayer.

No testimony was introduced. The case was heard upon exhibits filed and admissions made by the Commissioner, from which the Board made the following

### FINDINGS OF FACT.

W. E. Marshall & Co. is a corporation organized in December, 1916, under the laws of the State of New York. At the time of incorporation it took over the assets of W. E. Marshall & Co., a partnership, which was at that time, and had been since 1904, engaged in business as a retail dealer in seeds. The assets acquired by the corporation from the partnership were paid for by the issuance of its stock. In its returns for the years 1919 and 1920 the taxpayer included in its invested capital $22,325.89, as representing good will; this amount it set up on its books as an asset at the time of purchase of the assets of the partnership. Upon audit of the returns for the years 1919 and 1920 the Commissioner, in computing the taxpayer's invested capital, disallowed the item of good will upon the ground that the corporation had failed to establish the value thereof.

On December 21, 1916, the directors of the taxpayer passed the following resolution:

*Further resolved,* That this company accept the offer of W. E. Marshall & Co. to sell to this company the property described in the draft agreement presented at this meeting, and the board of directors do hereby adjudge and declare that said property is of the fair value of seventy thousand ($70,000) dollars and that the same is necessary for the business of this company.

### DECISION.

The deficiency determined by the Commissioner is approved.

### OPINION.

LITTLETON: The only question involved in this case is whether the taxpayer has submitted evidence sufficient to establish good will of the value of $22,325.89. The taxpayer relies upon the resolution of the board of directors appraising the assets acquired from the partnership, in accordance with section 55 of the stock corporation law of the State of New York. It is contended that the appraisal of assets by the directors under the law of New York, in the absence of fraud, is conclusive as establishing the actual cash value of the intangible asset good will as required by section 326(a)(4) of the Revenue Act of 1918. We can not agree with this contention.

Section 326(a)(4) of the Revenue Act of 1918 provides that—

As used in this title the term " invested capital " for any year means (except as provided in subdivisions (b) and (c) of this section) * * * Intangible

property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in; (b) the par value of stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest.

This section clearly contemplates a showing of actual value of intangibles claimed as invested capital. Evidence of such value is lacking in this case. The evidence offered in the form of the resolution of the board of directors appraising the property acquired is insufficient, standing alone, to establish either the existence of good will or the value thereof for invested purposes. The provision of section 55 of the New York stock corporation law making the appraisal of the value of the property by the board of directors conclusive, is intended to protect stockholders where outstanding stock of the corporation is not fully paid in, and can not be accepted as conclusively establishing the actual cash value of the asset good will at the time paid in, as required by section 326 (a) (4) of the Revenue Act of 1918. The Revenue Act contemplates the existence of facts upon which the value of good will can be determined. In the absence of facts sufficient to enable us to determine the actual cash value of the good will the disallowance thereof in invested capital by the Commissioner must be approved.